**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2009

Charles R. Fulbruge III
Clerk

No. 07-10915
Summary Calendar

MARTY WAYNE BELL

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-272

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Petitioner-appellant Marty Wayne Bell, Texas prisoner # 1112384, was
found guilty of murder and was sentenced to 65 years in prison. He has filed a
28 U.S.C. § 2254 petition challenging this conviction, arguing in relevant part
that the trial court denied him due process by not protecting Bell's right to
testify and that trial counsel rendered ineffective assistance of counsel by not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

calling Bell to testify. Under the Antiterrorism and Effective Death Penalty Act, federal courts will not grant habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the state court's ruling was the result of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

On appeal, Bell contends that the district court erred in applying the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993), to his claim of trial court error; he maintains that deprivation of the right to testify should constitute a structural error. The district court's application of the harmless error standard is not contrary to and does not constitute an unreasonable application of clearly established federal law. *See Sullivan v. Louisiana*, 508 U.S. 275, 277-82 (1993). Bell also contends that he is entitled to relief under the harmless error standard because the evidence presented against him was slight and because his proposed trial testimony would have established his innocence. He has not established that the district court's error in not preserving his right to testify had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637.

Bell also asserts that his trial counsel rendered ineffective assistance by failing to call him to testify. He has not demonstrated that any error by counsel was so serious as to "render[] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Consequently, the judgment of the district court denying Bell habeas relief is AFFIRMED.